27 P.3d 689 (2001)
STATE of Washington, Respondent,
v.
Christopher Michael JACKSON, Appellant.
No. 46064-1-I.
Court of Appeals of Washington, Division 1.
July 30, 2001.
Oliver Ross Davis, Washington Appellate Project, Seattle, for Appellant.
Seth Aaron Fine, David Frederick Thiele, Snohomish County Prosecutors Office, Everett, for Respondent.
PER CURIAM.
Disputed claims of ownership over a container in a vehicle, as between an otherwise innocent passenger and a lawfully arrested operator of the vehicle, that generate genuine confusion on the part of the investigating officers justifies those officers in further investigating the article in an effort to determine ownership.

FACTS
On October 5, 1999, Everett Police Officer Reide, while on patrol, proactively searched for criminal activity by randomly running searches on vehicle license plates. Officer Reide ran the plates for a vehicle parked at a motel and records indicated there was an arrest warrant for the registered owner, Michael Cooper. Officer Reide observed two men, Cooper and Christopher Jackson, exit the motel office. Cooper matched the description on the warrant. Before Officer Reide had an opportunity to stop Cooper, he drove away accompanied by Jackson in the *690 passenger's seat. When Cooper turned right out of the parking lot he did not use his turn signal. Officer Reide stopped the vehicle and verified that Cooper was the person sought in the warrant and arrested him.
While Officer Reide dealt with Cooper, Officer Sparks dealt with Jackson. Jackson asked Officer Sparks if he was free to leave and could he drive Cooper's vehicle. However, when asked about his driver's license status, Jackson stated it was suspended. Officer Sparks verified that Jackson's license was suspended and there were no warrants for his arrest. Officer Sparks told Jackson to exit the vehicle as he was free to leave but he could not drive Cooper's vehicle since his license was suspended.
After exiting the vehicle, Jackson asked to get his belongings out of the car. Officer Sparks had Jackson clarify his request and Jackson stated that the brown leather jacket in the back seat was his. He did not request any other items.
Officer Reide asked Cooper if anything in the car belonged to Jackson. Cooper replied no. The officer specifically asked Cooper about a brown leather jacket on the seat of the car and Cooper said he thought it was his own.
The officers were confused over the ownership of the jacket. Officer Sparks removed the jacket from the car and checked the pockets for identifying information, weapons, and contraband. Officer Sparks found a rock of crack cocaine. Officer Sparks held up the jacket so Cooper could see it and Cooper said the jacket was not his. Jackson told Officer Sparks the jacket belonged to his girl friend. Officer Sparks noted that the jacket did not appear to be a woman's jacket. He then arrested Jackson for possession of cocaine. The officers found additional cocaine on Jackson in a search incident to arrest.
Prior to trial, Jackson sought to suppress the cocaine discovery as the fruit of an unlawful search. A jury convicted Jackson of possession of cocaine. This appeal followed.

DISCUSSION
Where police officers arrest the driver of a vehicle they may lawfully search the passenger compartment of the vehicle incident to that arrest.[1] In State v. Parker, the court held that police officers may assume all containers in the vehicle are lawfully subject to search unless the officers know or should know that certain containers within the vehicle belong to nonarrested occupants of the vehicle.[2] Containers the police officers know or should know belong to nonarrested occupants may not be searched unless there is an independent objective basis to believe the containers hold a weapon or evidence.[3]
The issue here is whether the officer should have known that the jacket belonged to Jackson and therefore he was not entitled to search the jacket.[4] At the suppression hearing the court expressly found that there was confusion over the ownership of the jacket.[5] When confusion existed over the jacket's ownership, Officer Sparks checked the pockets of the jacket for identifying information, weapons, or contraband. Only then did Officer Sparks show the jacket to Cooper who stated it was not his. The question thus becomes one of whether under the "should know" language of Parker the officers were obligated to show the jacket to Cooper and verify his claim of ownership before they were entitled to search the jacket.
*691 As a policy matter, we believe allowing police officers to investigate the item themselves where there is genuine confusion over whether it belongs to a nonarrested passenger is the better rule.
The Parker rule has the practical effect of making searches of passenger compartments much more complicated than they would otherwise be. It may also increase threats to officer safety.
Moreover, the utility of showing items to the driver will be undermined where drivers have an interest in denying ownership in order to avoid liability for contraband which they can empower the passenger to remove.
Accordingly, the police officers here were not obligated to first show the jacket to Cooper. Items of confused ownership should be included among those items police officers may lawfully assume are subject to inspection.
The decision of the trial court is affirmed.
NOTES
[1] State v. Parker, 139 Wash.2d 486, 505, 987 P.2d 73 (1999) (citing State v. Stroud, 106 Wash.2d 144, 720 P.2d 436 (1986)). Jackson does not claim that this was a pretextual stop in violation of the constitution under State v. Ladson, 138 Wash.2d 343, 979 P.2d 833 (1999).
[2] Parker, 139 Wash.2d at 505, 987 P.2d 73.
[3] Parker, 139 Wash.2d at 505, 987 P.2d 73.
[4] A separate question that the parties do not raise in this case is whether a jacket (with a pocket) is a container for purposes of the rule, or whether the rule extends beyond containers to all items in the passenger compartment of the vehicle.
[5] The State argues we must treat this finding as a verity on appeal because Jackson did not challenge the court's finding. While the State's argument is correct, it is also superfluous because the court's finding was supported by substantial evidence where both Cooper and Jackson claimed the jacket and Cooper claimed he did not believe Jackson had anything in the vehicle.